**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NANCY C. MINK,
Plaintiff-Appellant,

v.

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

No. 99-2480

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-98-1535-3-19BC)

Submitted: May 10, 2000

Decided: May 22, 2000

Before MURNAGHAN, WILKINS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. Daniel Mayes, Aiken, South Carolina, for Appellant. Frank W.
Hunger, Assistant Attorney General, J. Rene Josey, United States
Attorney, John Berkley Grimball, Assistant United States Attorney,
Deanna R. Ertl-Lombardi, Chief Counsel, Allan D. Berger, Assistant
Regional Counsel, SOCIAL SECURITY ADMINISTRATION, Den-
ver, Colorado, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Nancy Mink appeals from the denial of her application for social security disability insurance benefits. She alleged that she became disabled in 1989 following a work-related accident, due to back pain with nerve involvement into her leg and foot and problems with her neck and hands. The Administrative Law Judge ("ALJ") denied Mink's application, concluding that Mink's allegations of disabling pain and other symptoms were not supported by the evidence of record and that her limitations did not preclude her from performing her past relevant work, which was sedentary in nature. The ALJ also found that Mink had not shown a disability, commencing before her insured status expired (on September 30, 1993), which continued for twelve continuous months. The Appeals Council denied Mink's request for review. Mink then filed suit in district court, and the district court adopted the magistrate judge's recommendation and affirmed the decision of the Commissioner. Mink appeals, and we affirm for the following reasons.

First, Mink contends that the ALJ failed to consider her neck and arm conditions, alone and in conjunction with her back and other conditions. Mink alleges that she was disabled by her back condition on the date her insured status expired; she further contends that, when her back injuries are considered together with her neck condition (which arose after expiration of her insured status), she meets the statutory definition of a covered disability: not less than twelve continuous months of physical disability beginning before expiration of her insured status. See 42 U.S.C.A. § 423(c),(d) (West Supp. 1999).

We find that the ALJ did not err in this regard. Based on the lack of medical restrictions and Mink's contemporaneous reports of her continually improving condition, the ALJ found, as an initial matter, that Mink failed to show that she was disabled prior to a car accident

2

on September 20, 1993, which exacerbated her condition. The ALJ then carefully considered the medical evidence of Mink's condition following the car accident.

After the car accident, Mink's back condition was serious enough to require surgery. However, one month after the March 1994 surgery, Dr. Epstein noted that she was doing well, that her symptoms were "better," and that her gait was "smooth." After the surgery, an MRI showed that Mink had developed a herniated disc on the left side of her neck and a small spur on the right. Because her reported pain was unexpectedly on the right side, Dr. Epstein treated it conservatively and noted that it appeared to be in at least partial remission. Dr. Epstein restricted her to walking and resting for one month while her back healed. When that month had passed, Mink returned to Dr. Epstein complaining of a rapid heartbeat and did not report any back or neck pain.

In August 1994, Dr. Clark noted that Mink was scheduled to have disc surgery on her neck. In October and December 1994, Mink returned to Dr. Clark, complaining of neck and back pain, and was treated with pain killers. In April 1995, Dr. Epstein noted that Mink presented cervical radiculopathy, which was worse on the left side, and discussed plans for a disc surgery, which Mink underwent in May 1995. However, there is no evidence in the record that either Dr. Clark or Dr. Epstein restricted Mink from any activities after May 1994.

The ALJ concluded that because Mink retained the ability to participate in a wide range of daily activities, she was not disabled by her various impairments. Further, the ALJ determined that, because after her back surgery in March 1994, Mink's condition was noticeably better (at least until several months later), she had failed to show that she was disabled for any continuous twelve-month period commencing on or before September 30, 1993. See Flaten v. Secretary of Health & Human Servs., 44 F.3d 1453, 1458 (9th Cir. 1995) (holding claimant cannot receive benefits for recurrence of disability, if current period of disability began after expiration of insured status). Because the ALJ carefully considered the evidence of Mink's neck and arm conditions, the ALJ properly analyzed the evidence and applied the correct legal standard.

3

Next, Mink asserts that the ALJ failed to properly develop the record concerning medical records that were created after the expiration of Mink's insured status. An ALJ has a duty to fully and fairly develop the administrative record. We have held that the ALJ's duty is heightened when a claimant is unrepresented and that the ALJ "cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). Mink contends that the ALJ failed to fulfill this duty even though she was represented at the hearing.

However, because substantial evidence supports the ALJ's finding that Mink was able to perform her past relevant work, the record was sufficiently developed in this regard. Further, the additional documents submitted by Mink in the district court were consistent with the documents before the ALJ. In addition, cumulative evidence that Mink had a painful neck impairment and evidence that she had a heart condition are irrelevant to the ALJ's determinations that Mink was not restricted from performing her past relevant work and that she continued to perform varied daily activities. Finally, Mink was represented at the hearing by counsel, who could have easily submitted the disputed documents. Thus, this claim is without merit.

We have carefully reviewed Mink's remaining contention that the ALJ improperly evaluated her credibility. In this regard, we have considered the district court's opinion adopting the recommendation of the magistrate judge and find it to be without reversible error. Accordingly, with regard to this issue, we affirm on the reasoning of the district court. See J.A. at 44-59. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4